## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

KENNETH HARRIS, JR.,

        Plaintiff,

v.                                                    CIVIL ACTION NO. 3:23-0570

FOREST RIVER, INC.,

        Defendant.

### MEMORANDUM OPINION AND ORDER

        Pending before the Court is Defendant Forest River, Inc.'s Motion to Dismiss. ECF No. 4. Plaintiff Kenneth Harris, Jr. opposes the motion. For the following reasons, the Court **GRANTS** the motion and **DISMISSES** this action **WITHOUT PREJUDICE**, but **STAYS** enforcement of this decision to allow Plaintiff the opportunity to file a motion to transfer.

### I.
### FACTUAL AND
### PROCEDURAL BACKGROUND

        On June 15, 2023, Plaintiff filed a Complaint in the Circuit Court of Putnam County, West Virginia, against Forest River, Inc. (Forest River) and Summit RV. Plaintiff states he is a resident of West Virginia, Forest River is a manufacturer of recreational vehicles with its principal place of business in Indiana, and Summit RV is a dealer of recreational vehicles located in Ashland, Kentucky. *Comp.* ¶¶1-3, 12, 13, ECF No. 1-2.[1] In his Complaint, Plaintiff contends

---

[1] In the Complaint, Plaintiff alleges that Summit RV has its principal place of business in Indiana, but he lists its address in the style of the Complaint as Ashland, Kentucky, and asserts service can be made in Ashland, Kentucky. In Forest River's Notice of Removal, it states Summit RV's principal place of business is in Kentucky and it is organized under the laws of Kentucky. *Notice of Removal* ¶24, ECF No. 1. The Court believes Plaintiff's statement that Summit RV has

that, on or about May 21, 2022, he purchased a new 2022 Forest River Sandpiper recreational vehicle (also referred to as an "RV") from Summit RV for approximately $86,452.72. *Compl*. ¶¶4, 5. Plaintiff states "[t]he vehicle was purchased . . . in the State of West Virginia and is registered in the State of West Virginia." *Id*. ¶4. After Plaintiff took possession of the Sandpiper, he claims he noticed numerous defects and sought repair of those defects. *Id*. ¶¶8, 9. Despite those efforts, Plaintiff asserts the repairs were ineffective, rendering the Sandpiper "worthless and/or substantially impaired." *Id*. ¶6. Plaintiff alleges these nonconformities violate the written warranties that were issued to him. *Id*. ¶7. As a result, Plaintiff alleges in Count I of his Complaint a claim under the West Virginia Consumer Credit and Protection Act's Consumer Protection for New Motor Vehicle Warranties (commonly referred to as West Virginia's "Lemon Law"), West Virginia Code § 46A-6A-1 to § 46A-6A-9, and in Count II a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

On August 23, 2023, Forest River removed the case to this Court based upon federal question jurisdiction, 28 U.S.C. § 1331 and 15 U.S.C. § 2310(d), and diversity jurisdiction, 28 U.S.C. § 1332. Following removal, Forest River filed its Motion to Dismiss. Summit RV was never served a copy of the Complaint, and it was dismissed from this action on December 11, 2023.

## II.
## STANDARD OF REIVEW

Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), courts must look for "plausibility" in the complaint. 550 U.S. at 556-57. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions,

---

its principal place of business in Indiana may be an inadvertent error, but it need not resolve the issue for purposes of this Memorandum Opinion and Order.

and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level[.]" *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—
'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme
Court further articulated that "a court considering a motion to dismiss can choose to begin by
identifying pleadings that, because they are no more than conclusions, are not entitled to the
assumption of truth. While legal conclusions can provide the framework of a complaint, they must
be supported by factual allegations." *Id*.

### III.
### DISCUSSION

### A.
### Forum Selection Clause

In its motion, Forester River argues that the Complaint should be dismissed as the
purchase was subject to a one-year limited warranty (the "Limited Warranty"), which contains a
valid and enforceable forum selection clause and choice of law provision. Specifically, the Limited
Warranty provides:

### <u>LEGAL REMEDIES</u>

**THIS LIMITED WARRANTY SHALL BE INTERPRETED
AND CONSTRUED IN ACCORDANCE WITH THE LAWS
OF THE STATE OF INDIANA.**

**EXHAUSTION OF REMEDY AND LEGAL ACTION: THE
WRITTEN NOTICE AND REPAIR REMEDY DESCRIBED
ABOVE MUST BE COMPLETED PRIOR TO INITIATING
ANY ACTION TO SEEK LEGAL OR EQUITABLE
REMEDIES FOR BREACH OF THIS LIMITED
WARRANTY OR ANY IMPLIED WARRANTIES.**

**ANY ACTION FOR BREACH OF THIS LIMITED
WARRANTY OR ANY IMPLIED WARRANTY OR
REVOCATION OF ACCEPTANCE OR ANY ACTION TO
ENFORCE ANY PORTION OF THIS LIMITED
WARRANTY MUST BE COMMENCED WITHIN NINETY
(90) DAYS OF THE EXPIRATION OF THE WARRANTY
PERIOD. SOME STATES DO NOT PERMIT REDUCTION**

**OF THE STATUTE OF LIMITATIONS, SO THE LIMITATION MAY NOT APPLY TO YOU.**

**EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO THIS LIMITED WARRANTY, AN ALLEGED BREACH OF WARRANTY, BREACH OF IMPLIED WARRANTIES, OR REPRESENTATIONS OF ANY KIND MUST BE FILED IN THE COURTS WITHIN THE STATE OF INDIANA.**

**ANY AND ALL CLAIMS OR CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY OR IMPLIED WARRANTY SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, WHETHER SUCH CLAIMS SOUND IN CONTRACT, TORT, OR STATUTE (INCLUDING THE STATUTE OF LIMITATIONS), WITHOUT GIVING EFFECT TO ANY CONFLICT OF LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION.**

**Note:** Any authorization or performance of repairs, attempt to resolve a complaint, or request for warranty service shall not constitute a waiver of Forest River's rights and shall not extend the warranty coverage period or when you must commence an action to enforce any breach of warranty claim, unless prohibited by state law.

**THE ABOVE LIMITED WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS. YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE AND PROVINCE TO PROVINCE.**

*Forest River Ltd. Towable Warranty*, at 5, ECF No. 5-1 (bold and capitalization original). Pursuant to the Limited Warranty, Forest River insists Plaintiff was required to file this action in Indiana and Indiana law applies. As Plaintiff filed in West Virginia, Forest River argues the case should be dismissed.

Plaintiff responds that the forum selection clause in the Limited Warranty is void and unenforceable for at least three reasons. First, Plaintiff claims he never signed the Limited

Warranty agreement. Second, he argues that West Virginia has a strong public policy in protecting the rights of consumers and the Limited Warranty strips consumers of those rights. Third, he asserts that the Limited Warranty is an unconscionable contract of adhesion. Forest River refutes all these arguments.

In considering the parties arguments, the Court finds *Lantz v. Roy's R.V. Supercenter, LLC*, Civ. Act. No. 2:21-11, 2022 WL 2762712 (N.D. W. Va. Feb. 15, 2022), *Omnibus Report and Recommendation*, adopted by 2022 WL 17414859 (N.D. W. Va. Dec. 5, 2022), particularly instructive and persuasive. In *Lantz*, West Virginia consumers purchased a camper from an RV dealership in West Virginia. 2022 WL 2762712, at *1. The camper was manufactured in Indiana by Gulf Stream Coach, Inc. (Gulf Stream), which is incorporated in Indiana. *Id.* at **1, 7. Ultimately, the purchasers found the camper to be unusable due to defects and nonconformities and filed an action in West Virginia state court against both the dealership and Gulf Stream, asserting, *inter alia*, claims under the Magnuson-Moss Warranty Act and West Virginia's Lemon Law. *Id.* at **2, 6-7. The action then was removed to federal court, and Gulf Stream moved to dismiss the complaint or, alternatively, transfer the action to Indiana. As here, Gulf Stream stated the purchasers were bound to a forum selection clause in the limited warranty agreement they entered into when they bought the camper.

In defense to Gulf Steam's motion, the purchasers made many of the same arguments as Plaintiff makes in this case. To begin, the court recognized that "federal courts treat a motion to dismiss based on a forum selection clause as a motion to dismiss for failure to state a claim, under 12(b)(6), or a motion to dismiss for improper venue under 12(b)(3)." *Id.* at *4

-6-

(citations omitted). Additionally, as venue is implicated, a federal court must apply federal law, which presumes a mandatory forum selection clause is valid and enforceable unless it is found to be unreasonable. *Id*. at **4-5 (citing *Albermarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010) (holding "a federal court interpreting a forum selection clause must apply federal law in doing so. As an agreement purporting to modify or waive the venue of a federal court, a forum selection clause implicates what is recognized as a procedural matter governed by federal law—the proper venue of the court"; other citations omitted).

The next step is to determine whether the forum selection clause at issue is mandatory or permissive. The Fourth Circuit explained that "a mandatory clause requires litigation to occur in a specified forum; a permissive clause permits litigation to occur in a specified forum but does not bar litigation elsewhere." *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.,* 884 F.3d 463, 470 (4th Cir. 2018), as amended (Mar. 27, 2018) (citation omitted). To be considered a mandatory forum selection clause, it must "contain[] specific language of exclusion," which describes the "forum as the 'sole' or 'only' or 'exclusive' forum." *Lantz*, at *5 (quoting *United Coals, Inc. v. Attijariwafa Bank*, Civ. Act. No. 1:19-95, 2020 WL 1866426, at *8 (N.D. W. Va. Apr. 14, 2020).

In *Lantz*, the Limited Warranty issued by Gulf Stream provided:

Exclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture. The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising from the sale, purchase or use of the recreational vehicle shall be those of the State of

Manufacture unless otherwise contrary to a state statute. The
State of Manufacture of the recreational vehicle is Indiana.

*Id.* (emphasis added in *Lantz*; internal quotation marks and citation omitted). The court first addressed the purchasers' assertion that the Limited Warranty was never signed. However, the court found that one of the purchasers had "signed a Recreational Vehicle Registration Form which states that the 'retail purchaser[ ] acknowledges receipt of the recreational vehicle manufacturer's limited warranty . . . and agree[s] to comply with the terms therein.'" *Id.* at \*\*5-6 (brackets and ellipsis in *Lantz*; citations omitted). Although the purchasers argued the documents should not be considered as they are outside the pleadings, the court rejected that argument because the Registration Form and Limited Warranty were authenticated[2] and integral to the Complaint, as the purchasers had incorporated them by reference by alleging they were breached. *Id.* at \*6. Thus, the court proceeded to consider the language of the forum selection clause contained in the Limited Warranty and found its use of the "magic words" "exclusive jurisdiction" made it mandatory, assuming "it is otherwise reasonable and enforceable." *Id.* at \*6.[3]

Turning to the issues of reasonableness and enforceability, the court in *Lantz* stated it was the obligation of the purchasers, as the ones opposing enforcement, to "'clearly show that enforcement would be unreasonable or unjust[.]'" *Id.* (quoting *M/S Breman v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of*

---

[2]Gulf Stream included an affidavit of its president authenticating the records and averring that the Registration Form and Limited Warranty are to be read together as reflecting the camper's purchase. *Id.*

[3]While not directly stated, it is apparent that the court did not believe the lack of a signature on the Limited Warranty itself made it unenforceable, given that at least one purchaser had acknowledged that he received the Limited Warranty and agreed to its terms.

*Texas*, 571 U.S. 49, 67 (2013) ("As the party acting in violation of the forum-selection clause, [the plaintiff] must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer.")).[4]  Unreasonableness of a forum selection clause exists if:

> (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Id*. (citations omitted). In *Lantz*, the purchasers argued the forum selection clause was unreasonable because it was a contract of adhesion and contained an Indiana choice of law provision that will deprive them of their rights under West Virginia's Lemon Law. Therefore, the purchasers argued it should not be enforced. *Id*.

In considering the parties' arguments with a focus on the last two factors, that is the purchasers will be deprived of a remedy and it is in contravention of a strong public policy in West Virginia, the court applied West Virginia's choice of law rules as jurisdiction was "based on federal question . . . but also contain[ed] supplemental state law claims[.]" *Id*. at *7 (citations omitted). "Under West Virginia's choice of law principles, a choice of law provision in a contract 'will not be given effect when the chosen state has no substantial relationship to the parties or the transaction, or when the application of the law of the chosen state would be contrary to a

---

[4]Citing California law, Plaintiff argues that it is Forest River's burden of proving that the forum selection clause should be enforced because his claims are based upon unwaivable rights under West Virginia law. *Statement of Pl.'s Position*, 2 (citing *Verdugo v. Alliantgroup L.P.*, 237 Cal. App. 4th 141, 145, 187 Cal. Rptr. 3d 613, 617 (2015), *as modified on denial of reh'g* (June 25, 2015)). Even if the Court were to assume this proposition true, for the reasons explained later in this Memorandum Opinion and Order, Plaintiff has failed to show he is foregoing any unwaivable rights under West Virginia law. Thus, it is his burden to demonstrate enforcement is unreasonable or unjust.

fundamental public policy of the state whose law would apply in the absence of a choice of laws provision." *Id.* (internal quotation marks and citations omitted). Applying these principles, the court found Indiana has both a substantial relationship to Gulf Stream, as it is incorporated and primarily conducts business in Indiana, and the camper, as it was manufactured there. Additionally, the *Lantz* court found enforcement of both the choice of law provision and the forum selection clause neither deprived the purchasers of a remedy under West Virginia law, nor was it contrary to a fundamental public policy. *Id.*

As here, the purchasers insisted they were entitled to protection under West Virginia's Lemon Law. West Virginia's Lemon Law "was enacted to place a duty on motor vehicle manufacturers '. . . to meet their obligations and responsibilities under the terms of the express warranties extended to the consumers in this State.'" *McLaughlin v. Chrysler Corp.*, 262 F. Supp. 2d 671, 676 (N.D. W. Va.), aff'd, 47 F. App'x 659 (4th Cir. 2002) (quoting W. Va. Code § 46A–6A–1(1) (emphasis deleted; other citations omitted)). Under the Lemon Law, a "motor vehicle" is defined as:

> (A) Any passenger automobile purchased in this state or registered and titled in this state, including any pickup truck or van registered as a Class A motor vehicle under the provisions of § 17A-10-1 *et seq.* of this code, and any self-propelled motor vehicle chassis of a motor home registered as a Class A or Class B motor vehicle under the provisions of § 17A-10-1 *et seq.* of this code; or
>
> (B) Any self-propelled vehicle designed primarily for, and used in, the occupation or business of farming, with a horsepower unit of 35 or greater.

W. Va. Code § 46A-6A-2(4). As the camper at issue in *Lantz* was a towable trailer without an engine and without self-propulsion, the court agreed with Gulf Steam that it did not fall within the Lemon Law's definition of a "motor vehicle." 2022 WL 2762712, at *7. Therefore, the court found

the purchasers were not being deprived of a remedy under West Virginia law because there was no remedy available to them in the first place.

Having determined there was a substantial relationship with Indiana and enforcement of the forum selection clause and choice of law provision were not contrary to a substantial public policy in West Virginia, the court found the purchasers had failed to "'clearly show' that enforcement of the forum selection clause would be unreasonable or unjust[.]" *Id.* Accordingly, the court held the forum selection clause was enforceable as a valid and mandatory term of the parties' agreement. *Id.* As Gulf Stream's motion to dismiss had made an alternative request to transfer the case to Indiana, the court ultimately found transfer appropriate pursuant to 28 U.S.C. § 1404(a). *Id.* at *9.

Applying this same reasoning to the instant case, the Court first finds there is a substantial relationship between this action and Indiana, as the RV was manufactured in Indiana and Forest River is incorporated and conducts business in the State of Indiana. Second, the Court finds the forum selection clause contains the "magic words" to make it a mandatory provision, rather than permissive. Specifically, the forum selection clause provides: "**EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO THIS LIMITED WARRANTY, AN ALLEGED BREACH OF WARRANTY, BREACH OF IMPLIED WARRANTIES, OR REPRESENTATIONS OF ANY KIND MUST BE FILED IN THE COURTS WITHIN THE STATE OF INDIANA**." *Forest River Ltd. Towable Warranty*, at 5

-11-

(bold and capitalization original). Provided the forum selection clause "is otherwise reasonable and enforceable,"[5] this language clearly mandates actions must be filed in Indiana.

As in *Lantz* and for the reasons explained in the recent decision of *Sands v. Forest River, Inc.*, Civ. Act. No. 2:23-379, 2024 WL 150230 (E.D. Va. Jan. 12, 2024), this Court likewise finds Plaintiff cannot escape enforceability by arguing he never signed the Limited Warranty. Similar to the instant case, the plaintiffs in *Sands* denied receiving Forest River's Limited Warranty before signing the Customer Delivery and Warranty Registration Form (Warranty Registration). 2024 WL 150230, at *3. However, the signed Warranty Registration was dated on the day they purchased the camper and provided, in relevant part: "I have had the opportunity to review the Forest River, Inc. Limited [W]arranty during the purchase of this unit[.]" *Id.* (brackets original). Given the plaintiffs' position in *Sands* that the statement on the signed document was untrue, the district court determined "there are only two inferences that the Court can draw from the Warranty Registration: either the plaintiffs did not read it before signing it, or they did review the Limited Warranty but remained unaware of the forum-selection clause." *Id*. In either situation, the district court recognized that "'a party signing a written contract has a duty to inform [themselves] of its contents before executing it, and in the absence of fraud or overreaching [they] will not be allowed to impeach the effect of the instrument by showing that [they were] ignorant of its contents or failed to read it.'" *Id.* (quoting *Syndor v. Conseco Fin. Serb. Corp.*, 252 F.3d 302, 306 (4th Cir. 2001); internal punctuation, citations, and quotations omitted in *Sands*). Thus, the district court concluded the plaintiffs "had ample opportunity to be informed of the warranty's terms" and held the forum selection clause in the Limited Warranty was enforceable because the plaintiffs had

---

[5]*Lantz*, 2022 WL 2762712, at *6.

"assented to the purchase of a camper with a warranty, and indicated on the Warranty Registration that they reviewed the Limited Warranty[.]" *Id*. at *4.

The Court finds the same applies in the instant case. On the date of purchase, Plaintiff signed the Warranty Registration. Immediately above Plaintiff's signature is the exact same language as was quoted in *Sands*. By signing the Warranty Registration, Plaintiff agreed that he was provided a copy of the Limited Warranty to review, and the Court finds a lack of a signature on the Limited Warranty itself[6] does not preclude enforcement of the forum selection clause contained therein. Moreover, although Plaintiff now denies the accuracy of the statement on the Warranty Registration, the Court is persuaded by the reasoning in *Sands* and *Lantz* and finds his mere denial is insufficient to defeat enforcement. *See also Bracken v. Forest River, Inc.*, Civ. Act. No. 3:23-566 (DJN), 2024 WL 448789, **2-3 (E.D. Va. Jan. 9, 2024) (finding the plaintiff's signature on the Warranty Registration adequately incorporated by reference Forest River's Limited Warranty, which contained an enforceable forum selection clause). Therefore, the Court rejects this argument by Plaintiff.

Turning next to Plaintiff's claim that enforcement of the forum selection clause will deny him his rights under West Virginia's Lemon Law and violate the State's substantial public policy, the Court also disagrees. According to Forest River, the Sandpiper Plaintiff purchased is a towable fifth wheel recreational vehicle that is neither an automobile nor a self-propelled motor vehicle chassis of a motor home. In other words, similar to the camper at issue

---

[6]The Court observes the Limited Warranty does not even appear to have a place for a purchaser to sign. *See Forest River Ltd. Towable Warranty*, ECF No. 5-1.

in *Lantz*, the Sandpiper does not meet the statutory definition of a "motor vehicle" under West Virginia's Lemon Law provisions. Thus, Forester River argues this claim must be dismissed as it is inapplicable to recreational vehicle Plaintiff purchased.

In his Response,[7] Plaintiff does not address this argument, nor does he refute Forest River's description of the Sandpiper at a towable fifth wheel recreational vehicle. In fact, the Repair Orders Plaintiff attached to his Complaint describe the Sandpiper as a "5W-Fifth Wheel" and the Warranty Registration Plaintiff signed states "Towables" at the top. *Repair Orders* (July 12, 2022, Aug. 1, 2022 & Oct. 20, 2022), ECF No. 1-2, at 22, 23, 24, & 32; *Customer Delivery and Warranty Registration Form*, ECF Nos. 5-2, 8-1, at 7. Additionally, the Limited Warranty submitted by both parties to the Court is entitled "Forest River Limited Towable Warranty." ECF No. 5-1, at 1, 8-1, at 2. Thus, there does not appear to be any factual dispute that the Sandpiper Plaintiff purchased is a towable recreational vehicle. As such, the Court finds it does not fall within the definition of a "motor vehicle" under West Virginia's Lemon Law because it is neither an automobile nor a self-propelled motor vehicle chassis of a motor home. Thus, as in *Lantz*, the Court finds Plaintiff is not being deprived of a remedy under West Virginia's Lemon Law as one does not exist and, thus, his reliance upon the Lemon Law to show enforcement of the forum selection clause and the choice of law provision is contrary to a substantial public policy in West Virginia is erroneous.

Plaintiff further argues that the Limited Warranty violates a substantial public policy in West Virginia because it provides that an action for breach or enforcement "**MUST BE**

---

[7]His "Response" is entitled "Statement of Plaintiff's Position."

**COMMENCED WITHIN NINETY (90) DAYS OF THE EXPIRATION OF THE WARRANTY PERIOD.**" *Forest River Ltd. Towable Warranty,* at 5 (bold and capitalization original). According to Plaintiff, this provision is contrary to four year statute of limitations established under West Virginia law. Plaintiff fails to cite any statute or authority for this statement, but it appears he may be referring to West Virginia Code § 46-2-725, covering the "Statute of limitations in contracts for sale." Although this provision begins by stating that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued," it further provides "[b]y the original agreement the parties may reduce the period of limitation to not less than one year[.]" W. Va. Code § 46-2-725(1). Thus, as the Limited Warranty issued by Forest River is for one year and a consumer has ninety days after the warranty expires to commence an action, the Limited Warranty complies with West Virginia law and does not violate a substantial public policy.[8]

Plaintiff also argues the forum selection clause should not be enforced as it is a contract of adhesion that he never saw. However, as stated above, Plaintiff signed that he was given the opportunity to review the Limited Warranty, and he cannot defeat enforcement by arguing otherwise. Moreover, the Court has found nothing to suggest the clause is unconscionable.

---

[8] Moreover, the Limited Warranty acknowledges that "**SOME STATES DO NOT PERMIT REDUCTION OF THE STATUTE OF LIMITATIONS, SO THE LIMITATION MAY NOT APPLY TO YOU.**" *Forest River Ltd. Towable Warranty,* at 5 (bold and capitalization original).

-15-

Finally, in determining whether the forum selection clause is unreasonable, the Court finds that Plaintiff has offered no evidence or arguments of fraud or overreach or that litigation in Indiana will be gravely inconvenient. As Plaintiff also has failed to demonstrate the forum selection clause is fundamentally unfair, deprives him of an available remedy under West Virginia law, or violates a strong public policy in West Virginia, the Court finds the forum selection clause is not unreasonable or unjust and must be enforced.

Accordingly, as the forum selection clause required Plaintiff to file this action in the State of Indiana, the Court **GRANTS** Forest River's Motion to Dismiss and **DISMISSES** this action **WITHOUT PREJUDICE**. ECF No. 4. However, the Court also believes in the interests of justice that Plaintiff should be given the opportunity to file a motion to transfer this action before it is dismissed outright under the forum selection clause. Therefore, the Court **STAYS** enforcement of this Memorandum Opinion and Order for a brief period of time. If Plaintiff choses to file a motion to transfer, he must do so on or before March 22, 2024. If a motion is filed, Forest River shall have until March 29, 2024 to file a Response. Any Reply must be filed on or before April 3, 2024. If no motion is filed, the Court shall enter a Judgment Order dismissing this action without prejudice.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        March 15, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-16-